1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

11   PAULA A. ANDERSON,

12                                    Plaintiff,

13   v.

14   CARLOS DEL TORO, Secretary of the
     Navy,
15
16                                    Defendant.
17
18
19
20
21
22
23

Case No.: 23cv1615-JES (KSC)

**ORDER:**

**(1) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS;**

**(2) DISMISSING COMPLAINT PURSUANT TO SCREENING UNDER 28 U.S.C. § 1915(e); and**

**(3) DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL**

**[ECF Nos. 2, 3]**

24        On September 1, 2023, Plaintiff Paula Anderson filed the instant action, alleging

25   various violations related to her prior employment. ECF No. 1. Plaintiff filed a concurrent

26   motion to proceed *in forma pauperis* ("IFP") and motion to appoint counsel. ECF Nos. 2,

27   3. After due consideration and for the reasons set forth below, the Court **DENIES** the

28   motion to proceed IFP, **DISMISSES** Plaintiff's complaint under 28 U.S.C. § 1915(e),

and **DENIES WITHOUT PREJUDICE** Plaintiff's motion to appoint counsel.

## I.    BACKGROUND

Plaintiff's complaint asserts several causes of action arising from her prior employment. First, she alleges wrongful termination and discrimination based on the following factual allegations. *Id.* Plaintiff alleges that on April 1, 2022, she was injured "on the second job" while continuing to work in the Child and Youth Program ("CYP") at MCCS Miramar.[1] ECF No. 1 at 2. She worked there through April 20, 2022, the last day she was "authorized to work." *Id.* She alleges that she could "perform the essential functions of the position in question without reasonable accommodation each day." *Id.* However, she also alleges that on April 20, 2022, she handed a Work Activity Status ("WAS") report to an assistant manager, Ms. Sharon Jones, to request a reasonable accommodation. *Id.* She alleges that she was told to go home and return the following day, on April 21. *Id.* When she did return the next day, she alleges that the CYP manager, Ms. Krisa Einolander, met her in the lobby and told her to go back home for the day, but that she would still be paid, and to return the following Monday. *Id.* Plaintiff alleges that on April 25, 2022, the human resources director, Ms. April Bright, and assistant manager gave her a Notification of Proposal to Terminate Employment.

Second, Plaintiff alleges willful negligence against CYP deciding official, Ms. Clarissa Bowe. *Id.* The allegations are not clear, but it seems that Plaintiff is quoting from a written action dated May 26, 2022, which states "I have received and reviewed statements provided by Ms. Einolander, CYP Assistant Manager Sheron Jones, and CYP cook Paola DiDomenico. I have also reviewed previous documentation related to this case and video footage for 04 April 2022 and 14 April 2022." *Id.* Providing no further factual details about what the statement references, Plaintiff alleges that the deciding official "acted with actual malice and undue care against [her] employment." *Id.*

---

[1] MCCS stands for "Marine Corp Community Services." It is not clear from the Complaint whether "second job" refers to another job at MCCS or another unrelated job.

Third, Plaintiff alleges a cause of action against the CYP manager for harassment, defamation, and hostile work environment. *Id.* She alleges that on February 10, 2021, Ms. DiDomenico called her a "bully" and she was served a Letter of Caution at the end of an unspecified meeting. *Id.*

Fourth, Plaintiff alleges that the manager harassed and defamed her. *Id.* Plaintiff alleges that her "genetic information" is that she was born with "black/brown pigmented skin." Thus, it appears that she may be alleging harassment and defamation based on her race.

## II.    Motion to Proceed In Forma Pauperis

The Court first addresses Plaintiff's motion to proceed *in forma pauperis* (IFP). ECF No. 3. It is well-settled that a party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). The determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (noting "Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (*citing Adkins*, 335 U.S. at 339). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). Finally, the facts as to the litigant's indigency must be stated "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Here, Plaintiff states that she receives monthly income of $32,172, comprising of: retirement in the amount of $3,853, disability in the amount of $7,744, and "other" in the amount of $20,575. ECF No. 3 at 3. She states that she has two cars, one worth

approximately $7,000 and another $15,000. *Id.* at 3. She has a checking account with about $400.00. *Id.* She claims monthly expenses totaling $1836. *Id.* at 4-5. With this financial information as background, the Court finds that Plaintiff has not made the requisite showing that she lacks the financial resources to pay the filing fees associated with commencing this lawsuit. Based on Plaintiff's income as stated in the application, she has significant resources to pay the filing fee. Thus, the Court **DENIES** the motion to proceed IFP at this time.

### III.    Screening under 28 U.S.C. § 1915(a)

A complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject to a mandatory and *sua sponte* review by the Court. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To pass screening, all complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

While Plaintiff provides some factual background to support her allegations, her complaint falls short of stating claims for the causes of action she asserts. Plaintiff generally alleges discrimination, harassment, wrongful termination, defamation, and negligence but does not specify whether she is suing under federal or state law. This lack of specificity in the complaint presents a problem for several legal reasons. First, under sovereign immunity, the United States is immune for suit unless it consents. *McGuire v. United States*, 550 F.3d 903, 913 (9th Cir. 2008). For example, for discrimination claims, Congress has waived federal government immunity under Title VII for alleging discrimination by federal employees on basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-16. For common law tort claims, such as negligence, the Federal Tort Claims Act ("FTCA") waives federal government immunity as well. However, other federal and state statutes do not waive immunity. Thus, without knowing the precise provisions that Plaintiff is suing under, she fails to state claims that may be

brought against the federal government. Second, even if Plaintiff's complaint was interpreted to state a claim under a statute like Title VII or the FTCA for which the federal government has waived immunity, prior to suing under any of these provisions, the plaintiff must exhaust administrative remedies prior to be able to bring suit in federal court. *Sommatino v. United States*, 255 F.3d 704, 709 (9th Cir. 2001) (discrimination claims under Title VII must first be presented to an appropriate administrative agency); *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992) (no federal subject matter jurisdiction unless plaintiff alleges exhaustion of administrative remedies in FTCA cases). Plaintiff's complaint includes no allegations related to exhaustion of administrative remedies. Accordingly, the Court dismisses the complaint without prejudice pursuant to § 1915(e).

### IV.    Motion to Appoint Counsel

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). In *pro se* and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). But they do have discretion to request that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Finding exceptional circumstances entails "an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Because the Court has already found above that Plaintiff's complaint does not currently state a claim upon which relief can be granted, Plaintiff has not demonstrated a likelihood of success on the merits and therefore, exceptional circumstances that warrant

appointment of counsel at this time. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's request for appointment of counsel.

**V.    CONCLUSION**

For the reasons discussed above, the Court **DENIES** the motion to proceed IFP, **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915, and **DENIES WITHOUT PREJUDICE** the motion to appoint counsel. Plaintiff shall have until **<u>September 29, 2023,</u>** to either pay the filing fee,[2] and file an amended complaint if she wishes to proceed with the case.

**IT IS SO ORDERED.**

Dated:  September 13, 2023

Honorable James E. Simmons Jr.
United States District Judge

---

[2] Plaintiff may alternatively resubmit a motion to proceed IFP if there are inaccuracies in the prior IFP motion.