UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA A. ANDERSON,<br><br>                              Plaintiff,<br><br>v.<br><br>CARLOS DEL TORO, Secretary of the Navy,<br><br>                              Defendant. | Case No.: 3:23-cv-01615-JES-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>**[ECF No. 34]** |

Plaintiff Paula A. Anderson ("Plaintiff") brings this action against Defendant Carlos Del Toro, Secretary of the Navy ("Defendant"), alleging various violations related to her prior employment. ECF No. 28. Defendant moves to dismiss Plaintiff's second amended complaint pursuant to Federal Rules of Civil Procedure 8, 12(b)(1), and 12(b)(6). ECF No. 34. For the reasons stated herein, Defendant's motion is **GRANTED**.

### I.   BACKGROUND

Plaintiff filed her initial complaint in this matter on September 1, 2023. ECF No. 1. Concurrently with her initial complaint, Plaintiff filed a motion to appoint counsel and a

motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 2, 3. On September 13, 2023, this Court denied those motions and dismissed the complaint pursuant to 28 U.S.C. § 1915(a). ECF No. 4. Plaintiff was given until September 28, 2023, to file an amended complaint and resubmit a motion for IFP or pay the filing fee. *Id.* at 6. On September 28, 2023, Plaintiff filed motions addressing her IFP request and other related matters, but did not file an amended complaint. *See* ECF Nos. 5, 6, 7. The Court construed Plaintiff's filings as a renewed motion for appointment of counsel, a motion for rescreening of the complaint pursuant to 28 U.S.C. § 1915(a), a motion to admit evidence, and a motion to amend IFP. ECF No. 8. Because Plaintiff did not file an amended complaint or submit any additional arguments or facts, the Court denied Plaintiff's motions. *Id.* at 2-3. The Court granted Plaintiff leave to file an amended complaint in compliance with the Court's Order and to file a new IFP application or pay the filing fee. *Id.* at 3.

On October 4, 2023, Plaintiff paid the filing fee, and a summons was issued on October 30, 2023. ECF Nos. 9, 10. On December 14, 2023, Plaintiff filed a third motion for appointment of counsel, which was denied by this Court on December 22, 2023. ECF Nos. 11, 12.

On January 8, 2024, Plaintiff served the dismissed initial complaint on the Office of the United States Attorney for the Southern District of California. ECF No. 13. On January 19, 2024, Defendant filed a Notice of Plaintiff's Failure to Comply with Court's Orders. ECF No. 14. On January 22, 2024, this Court struck the summons and Plaintiff's proof of service, as Plaintiff never filed an amended complaint. ECF No. 15. Plaintiff was directed to file an amended complaint by February 13, 2024. *Id.* at 2.

On February 13, 2024, Plaintiff filed her first amended complaint ("FAC"). ECF No. 16. On March 28, 2024, Defendant moved to dismiss the FAC. ECF No. 20. Before an order was issued on Defendant's motion, Plaintiff filed a second amended complaint ("SAC") on July 18, 2024. ECF No. 28. On July 22, 2024, this Court denied Defendant's motion to dismiss the FAC as moot and without prejudice, in light of Plaintiff filing the

SAC. ECF No. 32. On August 1, 2024, Defendant filed the present motion, moving to dismiss Plaintiff's SAC. ECF No. 34. Plaintiff did not file an opposition to the motion.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) challenges the subject matter jurisdiction of the action. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) jurisdictional attack may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Id.* By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.* Jurisdiction is not presumed, and the party asserting jurisdiction has the burden to establish that it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### B. Federal Rule of Civil Procedure 8

Under FRCP 8, a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). While a pro se plaintiff's complaint is construed liberally, a plaintiff must still allege a minimum factual and legal basis for each claim sufficient to give a defendant fair notice of what the claims are and the grounds upon which they rest. *Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). To this end, a complaint must be logically organized and clearly specify each claim, so that the defendant would have "no difficulty in responding to the claims[.]" *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131-23 (9th Cir. 2008).

A district court may dismiss an entire complaint for lack of clarity when "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Such a dismissal is appropriate where a complaint's "true substance, if any, is well disguised." *Hearns*, 530 F.3d at 1131 (internal quotation marks omitted) (quoting *Gillibeau*

*v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)). A district court may also dismiss a complaint in which "'each count ... adopts the allegations of all preceding counts'" such that "'[i]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.'" *Ewing v. Freedom Forever, LLC*, No. 23-CV-1240 JLS (AHG), 2024 WL 221777, at *4 (S.D. Cal. Jan. 19, 2024) (quoting *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014)).

### III.   DISCUSSION[1]

Dismissal of this action is justified under the Local Rules and FRCP for multiple reasons. First, in no specific order, Plaintiff did not oppose the Motion to Dismiss. Second, Plaintiff has not satisfied the service requirements set forth in FRCP 4. Third, this Court lacks subject matter jurisdiction over this action. Finally, Plaintiff's SAC fails to comply with FRCP 8.

**A.   Civil Local Rule 7.1.f.3.c**

The Motion to Dismiss seeks dismissal of the entire case with prejudice and without leave to amend. Civil Local Rule 7.1.e.2 requires a party that opposes the relief sought by a motion to file an opposition to that motion. Under Civil Local Rule 7.1.f.3.c, failure to do so may be deemed consent to the granting of the motion. Plaintiff did not file an opposition to Defendant's Motion to Dismiss. Plaintiff's failure to respond signifies her consent to dismissal.

**B.   Federal Rule of Civil Procedure 4**

"To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To date, Plaintiff has not served a complaint on the Department of the Navy. Although courts broadly construe

---

[1] Because the Court dismisses the SAC under FRCP 4, 8, and 12(b)(1), the Court will not address Defendant's argument under FRCP 12(b)(6).

pleadings filed by pro se litigants to give such plaintiffs "the benefit of the doubt," even pro se litigants must comply with the Federal Rules of Civil Procedure. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The Court finds that Plaintiff did not satisfy the requirements of FRCP 4 to effect service of process for this action.

C.   **Jurisdiction and Exhaustion of Administrative Remedies**

The SAC, like its previous iterations, fails to establish jurisdiction on the face of the complaint. Construing the SAC most favorable to Plaintiff, she appears to allege racial and disability discrimination claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*, the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 791, *et seq.*, the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff, *et seq.*, and Executive Order 13154, and generally alleges wrongful termination, harassment, and negligence. SAC ¶¶ 7, 10, 11, 12. For some of the statutes and general allegations, however, Plaintiff fails to identify the precise provisions she is suing under or whether she is suing under federal or state law. This lack of specificity fails to establish that the United States has waived its sovereign immunity. Under sovereign immunity, the United States is immune from suit unless it consents to be sued. *McGuire v. United States*, 550 F.3d 903, 913 (9th Cir. 2008). For example, for discrimination claims, Congress has waived the federal government's sovereign immunity under the provisions of Title VII for alleging discrimination by federal employees on the basis of race, color, religion, sex or national origin. 42 U.S.C. § 2000e-16. For common law tort claims, such as negligence, the Federal Tort Claims Act ("FTCA") waives federal government immunity as well. However, other federal and state statutes do not waive immunity. Without knowing the precise provisions that Plaintiff is suing under, she fails to state claims that may be brought against the federal government, and thus, fails to establish subject matter jurisdiction.

Moreover, Plaintiff must also establish administrative exhaustion to state a claim under Title VII, FTCA, ADEA, or the Rehab Act. *Sommatino v. United States*, 255 F.3d

704, 709 (9th Cir. 2001) (discrimination claims under Title VII must first be presented to an appropriate agency); *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992) (no federal subject matter jurisdiction unless plaintiff alleges exhaustion of administrative remedies in FTCA cases); *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 414 (9th Cir. 1985) (holding "the requirement of exhaustion of administrative remedies applicable to federal employees under Title VII … was imported into claims brought under [the Rehab Act]."). While ADEA does not require exhaustion of administrative remedies, "an employee who wishes to file [an ADEA] suit without pursuing administrative remedies must give the [Equal Employment Opportunity Commission ("EEOC")] notice of intent to sue at least 30 days before filing suit." *Bankston v. White*, 345 F.3d 768, 770 (9th Cir. 2003).

A federal employee may bring these claims in a district court but must first exhaust administrative remedies by filing a timely charge with the EEOC. *Sommatino*, 255 F.3d at 707 (citing 42 U.S.C. § 2000e-16). A civil action in federal court may be filed within ninety days of receipt of the agency final action or after 180 days from the date of filing an individual complaint if agency final action has not been taken. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a)&(b); *see Brown v. General Servs. Admin.*, 425 U.S. 820, 832 (1976) ("In any event, the complainant may file a civil action if, after 180 days from the filing of the charge or the appeal, the agency ... has not taken final action.").

In the present case, Plaintiff alleges that she filed a charge with the EEOC and "filed this complaint within 90 days after receiving a notice of the right to sue from the EEOC." SAC ¶ 6. Plaintiff references a copy of the right to sue notice "attached as [an] Exhibit" in ECF No. 6. *Id.* ECF No. 6, couched as a "Motion of Admissible Evidence," was denied by this Court on September 29, 2023. *See* ECF No. 8. Under Civil Local Rule 15.1.a, "Every pleading to which an amendment is permitted…must be complete in itself without reference to the superseded pleading." Consequently, for the right to sue notice to be considered, it must be attached to the complaint itself, not ECF No. 6. Accordingly, the Court finds that the SAC does not comply with the pre-suit administrative processes applicable to Title VII, FTCA, ADEA, or the Rehab Act.

### D. Federal Rule of Civil Procedure 8

Plaintiff's SAC fails to comply with the requirements set forth in FRCP 8. Plaintiff fails to plead the general elements of each claim, logically organize or allege factual allegations in support of each claim and connect the factual allegations with the elements required to make each claim facially plausible. While, as discussed above, Plaintiff references a variety of statutes and legal terms, the SAC is devoid of factual allegations. Instead, Plaintiff's allegations are conclusory and fail to set forth the specific conduct complained of and the specific time period in which the conduct occurred. For example, Plaintiff alleges that:

> "[P]laintiff born descendant[] of African Americans, was competent to perform their job with or without reasonable accommodation, suffered a materially adverse employment action like being fired immediately after requested reasonable accommodation and circumstances give rise to an inference of discrimination."

SAC ¶ 8. In this example, Plaintiff alleges a plausible adverse action, *i.e.*, termination, and alleges a protected activity, *i.e.*, requesting a reasonable accommodation, but fails to allege exactly what kind of accommodation she requested, when she requested that accommodation, and whether Defendant knew of her engagement in the protected activity or of her disability. The SAC, moreover, fails to even allege exactly what disability Plaintiff suffers from.

While the SAC gives Defendant some notice of the nature of the claims, *i.e.*, violations of Title VII, the Rehab Act, and ADEA, it does not give Defendant fair notice of "the grounds upon which [such claims] rest []." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Plaintiff must clearly state how Defendant is alleged to have violated her legal rights and link those allegations to her actual legal claims, and she must do so within the actual complaint. Accordingly, Defendant's motion to dismiss the SAC as incomprehensible under FRCP 8 is **GRANTED**.

In view of the foregoing, the Court will give Plaintiff one final opportunity to amend her complaint in accordance with this Order and FRCP 8. The Court cautions Plaintiff that

any facts or legal claims alleged in prior complaints or denied motions will not be considered in an amended complaint. Thus, if Plaintiff chooses to amend her complaint, all factual allegations, legal claims, and supporting documents must be set forth and/or attached in the amended complaint.

### IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss, ECF No. 34, and dismisses the second amended complaint with leave to amend. In the event that Plaintiff elects to file an amended complaint, she must do so within **thirty (30) days** of this Order. Plaintiff will have one final opportunity to amend her complaint in accordance with this Order, Civil Local Rule 7.1.f.3.c and Federal Rules of Civil Procedure 12(b)(1) and 8. Plaintiff must also comply with the service requirements set forth in Federal Rule of Civil Procedure 4(i)(2). Failure to do so will result in dismissal of this case.

**IT IS SO ORDERED**.

Dated:  November 12, 2024

_____
Honorable James E. Simmons Jr.
United States District Judge