UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA A. ANDERSON,<br><br>                              Plaintiff,<br><br>v.<br><br>JOHN PHELAN, Secretary of the Navy,<br><br>                              Defendant. | Case No.: 3:23-cv-01615-JES-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT;**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT AS MOOT;**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT.**<br><br>**[ECF Nos. 43, 46, 54]** |

Plaintiff Paula A. Anderson ("Plaintiff"), proceeding *pro se*, brings this action against Defendant John Phelan ("Defendant"), Secretary of the Navy, alleging various violations related to her prior employment. Defendant moves to dismiss Plaintiff's third

amended complaint ("TAC") pursuant to Federal Rules of Civil Procedure ("FRCP") 8, 12(b)(1), 12(b)(5), and 12(b)(6). ECF No. 43. For the reasons stated herein, Defendant's motion is **GRANTED** in part and **DENIED** in part.

In response to Defendant's motion, and on a separate basis, Plaintiff filed a motion to deny Defendant's motion, ECF No. 46, and a motion for default judgment, ECF No. 54. For the reasons stated herein, both motions are **DENIED**.

## I. BACKGROUND

Plaintiff filed her initial complaint in this matter on September 1, 2023. ECF No. 1. Concurrently with her initial complaint, Plaintiff filed a motion to appoint counsel and a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 2, 3. On September 13, 2023, this Court denied those motions and dismissed the complaint pursuant to 28 U.S.C. § 1915(a). ECF No. 4. Plaintiff was given until September 28, 2023, to file an amended complaint and resubmit a motion for IFP or pay the filing fee. *Id.* at 6. On September 28, 2023, Plaintiff filed motions addressing her IFP request and other related matters, but did not file an amended complaint. *See* ECF Nos. 5, 6, 7. The Court construed Plaintiff's filings as a renewed motion for appointment of counsel, a motion for rescreening of the complaint pursuant to 28 U.S.C. § 1915(a), a motion to admit evidence, and a motion to amend IFP. ECF No. 8. Because Plaintiff did not file an amended complaint or submit any additional arguments or facts, the Court denied Plaintiff's motions. *Id.* at 2-3. The Court granted Plaintiff leave to file an amended complaint in compliance with the Court's Order and to file a new IFP application or pay the filing fee. *Id.* at 3.

On October 4, 2023, Plaintiff paid the filing fee, and a summons was issued on October 30, 2023. ECF Nos. 9, 10. On December 14, 2023, Plaintiff filed a third motion for appointment of counsel, which was denied by this Court on December 22, 2023. ECF Nos. 11, 12.

On January 8, 2024, Plaintiff served the dismissed initial complaint on the Office of the United States Attorney for the Southern District of California. ECF No. 13. On January 19, 2024, Defendant filed a Notice of Plaintiff's Failure to Comply with Court's Orders.

ECF No. 14. On January 22, 2024, this Court struck the summons and Plaintiff's proof of service, as Plaintiff never filed an amended complaint. ECF No. 15. Plaintiff was directed to file an amended complaint by February 13, 2024. *Id.* at 2.

On February 13, 2024, Plaintiff filed her first amended complaint ("FAC"). ECF No. 16. Defendant then moved to dismiss the FAC. ECF No. 20. Before an order was issued on Defendant's motion, Plaintiff filed a second amended complaint ("SAC") on July 18, 2024. ECF No. 28. On July 22, 2024, this Court denied Defendant's motion to dismiss the FAC as moot and without prejudice, in light of Plaintiff filing the SAC. ECF No. 32. Defendant moved to dismiss the SAC on August 1, 2024. ECF No. 34.

On November 12, 2024, the Court granted Defendant's motion, finding that Plaintiff failed to oppose the motion, had not satisfied service requirements under FRCP 4, failed to comply with FRCP 8, and failed to establish that the Court had subject matter jurisdiction. ECF No. 41 at 4-7. On December 3, 2024, Plaintiff filed the TAC. ECF No. 42. In response, Defendant filed the present motion. ECF No. 43.

On January 22, 2025, the Court held a hearing on Defendant's motion to dismiss. ECF No. 49. At the hearing, the Court noted that the amended summons for the TAC was inadvertently issued after Plaintiff's TAC and Defendant's motion to dismiss were filed. Given that Defendant moved for dismissal based, *inter alia*, on insufficient service of process of the TAC, the Court provided Plaintiff until March 3, 2025 to accomplish service, set a supplemental briefing schedule, and continued the hearing to May 7, 2025. *Id.* Plaintiff subsequently filed proof of service on February 26, 2025. ECF No. 50.

## II.     LEGAL STANDARD[1]

### A.     Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under FRCP 12(b)(1) challenges the subject matter jurisdiction of the action. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) jurisdictional attack may be facial

---

[1] Because the Court finds that the TAC fails under FRCP 12(b)(6), it will not address Defendant's motion under FRCP 8.

or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. *Id.* By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. *Id.* Jurisdiction is not presumed, and the party asserting jurisdiction has the burden to establish that it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

**B.     Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss for failure to state a claim should be granted when the allegations do not "state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted).

When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). While the court must draw all reasonable inferences from the factual allegations in favor of the plaintiff, *Newcal Industries, Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008), the court need not credit legal conclusions that are couched as factual allegations, *Iqbal*, 556 U.S. at 678-79.

When a court dismisses a complaint under FRCP 12(b)(6), it must then decide whether to grant leave to amend. FRCP 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In other words, if allowing a party to amend its pleading would be futile, district courts properly decline to grant leave to amend. *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

### III.   DISCUSSION

A.   **Defendant's Motion to Dismiss**

Plaintiff asserts two causes of action for failure to accommodate under the Rehabilitation Act ("Rehab Act") and the Americans with Disabilities Act ("ADA"). *See* TAC ¶¶ 9-14. The Rehab Act, 29 U.S.C. § 791, prohibits employment discrimination by the federal government against those with disabilities, applying the standards of Title I of the ADA. 29 U.S.C. § 791(f). Both Title II of the ADA and the Rehab Act prohibit discrimination on the basis of disability, though the ADA applies only to public entities, while the Rehab Act applies to all federally funded programs. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). The ADA, therefore, is not the proper avenue for Plaintiff's disability discrimination claim against Defendant, a federal employer. On this basis alone, the Court **DISMISSES** Plaintiff's ADA claim with prejudice.

Defendant provides several bases for dismissal. First, in no specific order, Defendant moves to dismiss for noncompliance with FRCP 4. Second, Defendant moves to dismiss for lack of subject matter jurisdiction. Finally, Defendant moves to dismiss Plaintiff's Rehab Act claim as insufficiently pleaded. The Court addresses each argument in turn.
/ / /

### 1. Federal Rule of Civil Procedure 4

Defendant argues that Plaintiff, despite multiple opportunities, has failed to comply with FRCP 4. To date, Plaintiff has not served a complaint on the U.S. Attorney General.

"To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must serve: (1) the U.S. Attorney's Office by delivering a copy of the summons and complaint to the U.S. Attorney or by sending a copy of each by registered or certified mail to the U.S. Attorney's civil process clerk; and (2) the U.S. Attorney General by registered or certified mail. Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii).

FRCP 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) (internal citation omitted); *see also Borzeka v. Heckler*, 739 F.2d 444, 448 n.2 (9th Cir. 1984) ("[Courts] are generally more solicitous of the rights of *pro se* litigants, particularly when technical jurisdictional requirements are involved."). However, even under a liberal construction, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'" *Benny*, 799 F.2d at 492 (quoting *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)).

FRCP 4 requirements may be excused if "(a) the party that had to be served personally received actual notice, (b) the defendant would suffer no prejudice from the defect in service, (c) there is a justifiable excuse for the failure to serve properly, and (d) the plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* at 448.

The Court finds good cause to excuse Plaintiff's service requirements on the U.S. Attorney General. First, Plaintiff has made good faith attempts to, and has, substantially complied with FRCP 4. *See* ECF Nos. 13, 15, 30, 48, 50. For example, in the Court's prior Order, ECF No. 41 at 7-8, and at the motion hearing, the Court ordered Plaintiff to comply

with FRCP 4's service requirements, and explicitly noted Plaintiff's failure to serve a complaint on the Department of the Navy. Plaintiff complied with the Court's orders within the instructed time period. *See* ECF No. 50. Second, Defendant had actual notice of this action, and the Court cannot find, nor has Defendant attempted to establish, prejudice to Defendant as a result of the technical defect in service. Finally, the Court concludes that Plaintiff would be prejudiced if the Court were to demand that Plaintiff continue to try to serve the U.S. Attorney General given this action has already been substantially delayed due to the many service issues. Therefore, the *Borzeka* factors counsel in favor of excusing the technical defect in service and holding that Plaintiff has substantially complied with FRCP 4.

### 2. Subject-Matter Jurisdiction

Defendant argues that the TAC, like its previous iterations, fails to establish jurisdiction on the face of the complaint. Plaintiff generally brings a claim under the Rehab Act but fails to identify the precise provision she is suing under. This lack of specificity, Defendant argues, fails to establish that the United States has waived its sovereign immunity,[2] and thus, that the Court has jurisdiction over the TAC. The Court disagrees.

Plaintiff's lack of specificity is not fatal to her complaint. Plaintiff's TAC clearly establishes the federal government's waiver of sovereign immunity, and clearly falls under the Court's federal-question jurisdiction. Plaintiff alleges that she suffered disability discrimination while working at a federal agency, and that the Defendant is the head of that agency. *See* TAC, ¶ 5, 12-14. Section 501 of the Rehab Act permits claims by federal employees for employment discrimination. *Lopez v. Johnson*, 333 F.3d 959, 961 (9th Cir. 2003) ("The duty on federal employers thus goes beyond mere non-discrimination; the regulations promulgated under section 501 emphasize the affirmative obligation to accommodate." (quoting *Buckingham v. United States,* 998 F.2d 735, 739 (9th Cir. 1993)

---

[2] Under sovereign immunity, the United States is immune from suit unless it consents to be sued. *McGuire v. United States*, 550 F.3d 903, 913 (9th Cir. 2008).

(alterations omitted)). Thus, the Court will not dismiss the TAC merely because Plaintiff has not specifically alleged the basis of jurisdiction or explicitly established waiver of sovereign immunity. *See Elton v. McDonough*, No. 1:19-cv-01723-NONE-HBK (PS), 2021 WL 2322474, at *4 (E.D. Cal. June 7, 2021) ("[T]he court will not merely dismiss the SAC because plaintiff has not specifically alleged the basis of jurisdiction."); *Arndt v. Bank of Am.*, 48 F. Supp. 961, 964 (N.D. Cal. 1943) ("It is true that 'a short and complete statement of the grounds upon which the court's jurisdiction depends' must be set forth in the complaint. Strictly speaking, plaintiffs have not done this. However, I have not been put to great effort to ascertain the matters upon which the jurisdiction depends and see no point in requiring the plaintiffs to further amend.").[3]

### 3. Disability Discrimination under the Rehab Act

Plaintiff's TAC fails to set forth plausible factual allegations to support her failure to accommodate claim under the Rehab Act. To state a claim under the Rehab Act, a plaintiff must allege that "(1) she is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of her disability." *Walton v. U.S. Marshals Servs.*, 492 F.3d 998, 1005 (9th Cir. 2007), *superseded on other grounds by statute*. "Once an employee requests an accommodation, 'the employer must engage in an

---

[3] Defendant also points to Plaintiff's failure to allege administrative exhaustion as a basis for dismissal of her Rehab Act claim. Failure to exhaust administrative remedies at the Equal Employment Opportunity Commission is non-jurisdictional in Title VII actions, and consequently, Rehab Act actions. *See Fort Bend Cty. v. Davis*, 587 U.S. 541, 551 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts."); *see also Channel v. Wilkie*, No. 2:18-cv-02414-MCE-AC (PS), 2019 WL 5720311, at *5 (E.D. Cal. Nov. 5, 2019), *report and recommendation adopted*, 2020 WL 589340 (E.D. Cal. Feb. 6, 2020) ("Exhaustion of administrative remedies is generally—unless the applicable statute provides otherwise, which the Rehabilitation Act does not—considered a non-jurisdictional claims processing requirement, and thus an affirmative defense rather than an element plaintiff must plead and prove."); *Minamoto v. Harker*, No. CV 20-00043 HG-KJM, 2021 WL 1618456, at *5 (D. Haw. Apr. 26, 2021) (holding that exhaustion of administrative remedies in connection with a § 501 lawsuit was non-jurisdictional). Thus, Plaintiff's failure to allege administrative exhaustion is not fatal to the TAC.

interactive process with the employee to determine the appropriate reasonable accommodation.'" *Weeks v. Union Pac. Railroad Co.*, 137 F. Supp. 3d 1204, 1217 (E.D. Cal. 2015) (quoting *EEOC v. UPS Supply Chain Sols.*, 620 F.3d 1103, 1110 (9th Cir. 2010)). "An employer who fails to engage in such an interactive process in good faith may incur liability if a reasonable accommodation would have been possible." *Vinson v. Thomas*, 288 F.3d 1145, 1154 (9th Cir. 2002). The plaintiff bears the initial burden of showing that a reasonable accommodation was possible. *Id.* If the plaintiff can establish a prima facia case, the burden "then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the challenged action." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123-24 (9th Cir. 2000).

Here, Plaintiff alleges that she "has a temporary disability as defined by the…[Rehab Act]," and that she "requested an accommodation…in the form of one or two additional five-minute sit-down breaks during the work shift" to "alleviate discomfort and strain." TAC ¶¶ 6, 7. Defendant, however, "did not respond to [her] request for reasonable accommodation, violating the…[Rehab Act]." *Id.* ¶ 8. Such conclusory allegations are insufficient to state a plausible claim under the Rehab Act. *See Jones v. Del Toro*, No. 3:24-cv-00989-L-SBC, 2025 WL 509302, at * 2-3 (S. D. Cal. Feb. 14, 2025) (dismissing Rehab Act claims where plaintiff alleges to be "a disabled veteran" and "is known to have anxiety symptoms"). While the Court acknowledges Plaintiff's attempt to follow its prior Order[4], Plaintiff still fails to allege exactly what disability she suffers from, whether Defendant knew of her disability, or any plausible allegations that she suffered discrimination because of her disability. Accordingly, the Court **DISMISSES** Plaintiff's Rehab Act claim.

---

[4] The Court's prior Order noted that Plaintiff "fail[ed] to allege exactly what kind of accommodation she requested, when she requested that accommodation, and whether Defendant knew of her engagement in the protected activity or of her disability. The SAC, moreover, fail[ed] to even allege exactly what disability Plaintiff suffers from." ECF No. 41 at 7. The TAC, however, alleges when Plaintiff requested an accommodation, what kind of accommodation was requested, and Defendant's knowledge of a requested accommodation. TAC ¶¶ 7, 8.

While the Court has provided Plaintiff multiple opportunities to amend her complaint, the Court is inclined to do so again one final time. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). First, the Court's prior Orders have mostly dismissed Plaintiff's complaints on jurisdictional grounds, rather than deficiencies within Plaintiff's factual allegations. *See generally* ECF Nos. 4, 41. Second, as stated above, Plaintiff's TAC attempts to comply with the Court's prior Order. Finally, amendment would not be futile as Plaintiff's oppositional briefing shows additional facts that might cure the deficiencies within the TAC.

The Court cautions Plaintiff that any facts or legal claims alleged in prior complaints or denied motions will not be considered in an amended complaint. Thus, if Plaintiff chooses to amend her complaint, all factual allegations, legal claims, and supporting documents must be set forth and/or attached in the amended complaint.

### B.   Plaintiff's Motions

Plaintiff brings a Motion to Deny Defendant's Motion to Dismiss the TAC, ECF No. 46, and a Motion for Default Judgment, ECF No. 54. The Court construes Plaintiff's motion to deny Defendant's motion as an opposition to Defendant's motion, and thus, **DISMISSES** it as moot.

Plaintiff's motion for default judgment is improper. A court may enter default judgment against a defendant "who has failed to plead or otherwise defend against an action." Fed. R. Civ. P. 55; *McGee v. Milpitas Police Dep't*, No. 23-3670, 2025 WL 869305, at *1 (9th Cir. Mar. 20, 2025) (affirming denial of motions for entry of default and default judgment because defendants filed a timely motion to dismiss); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (a default judgment is inappropriate if defendant indicates its intent to defend the action); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter default judgment and explaining that "default judgments are ordinarily disfavored"). Here, Defendant has continuously defended himself

against this action. *See* ECF Nos. 14, 17, 20, 24, 25, 34, 43, 49, 52, 55, 56. Accordingly, Plaintiff's motion for default judgment is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part Defendant's Motion to Dismiss the Third Amended Complaint, ECF No. 43, and **DISMISSES** the third amended complaint with leave to amend. In the event that Plaintiff elects to file an amended complaint, she must do so within **thirty (30) days** of this Order. Plaintiff will have one final opportunity to amend her complaint in accordance with this Order. The Court further **DENIES** as moot Plaintiff's Motion to Deny Defendant's Motion to Dismiss the TAC, ECF No. 46, and Plaintiff's Motion for Default Judgment, ECF No. 54.

**IT IS SO ORDERED**.

Dated: June 25, 2025

Honorable James E. Simmons Jr.
United States District Judge