UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA A. ANDERSON,<br><br>                              Plaintiff,<br><br>v.<br><br>JOHN PHELAN, Secretary of the Navy,<br><br>                              Defendant. | Case No.:   3:23-cv-01615-JES-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT**<br><br>**[ECF No. 65]** |

Plaintiff Paula A. Anderson ("Plaintiff"), proceeding *pro se*, brings this action against Defendant John Phelan ("Defendant"), Secretary of the Navy, alleging disability discrimination in her prior employment. Defendant moves to dismiss Plaintiff's fourth amended complaint ("4AC") pursuant to Federal Rules of Civil Procedure ("FRCP") 8 and 12(b)(6). ECF No. 65. For the reasons stated herein, Defendant's motion is **GRANTED**.

##     I.     BACKGROUND

The Court has outlined the procedural posture of this case in its prior Orders. *See* ECF Nos. 41, 60. On June 26, 2025, the Court granted in part and denied in part

Defendant's motion to dismiss Plaintiff's third amended complaint, finding, *inter alia*, that Plaintiff failed to set forth plausible factual allegations to support her Rehabilitation Act ("Rehab Act") claims. ECF No. 60 at 8-9. Plaintiff was provided one final opportunity to amend her complaint in accordance with the Court's Order. *Id.* at 11. Subsequently, Plaintiff filed her 4AC on July 10, 2025. ECF No. 61 ("4AC"). On July 24, 2025, Defendant filed the present motion to dismiss the 4AC. ECF No. 65.

## II.  LEGAL STANDARD[1]

A motion to dismiss for failure to state a claim should be granted when the allegations do not "state a claim to relief that is plausible on its face." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (internal quotation marks omitted).

When evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). While the court must draw all reasonable inferences from the factual allegations in favor of the plaintiff, *Newcal Industries, Inc. v. Ikon Office Solution*, 513

---

[1] Because the Court finds that the 4AC fails under FRCP 12(b)(6), it will not address Defendant's motion under FRCP 8.

F.3d 1038, 1043 n.2 (9th Cir. 2008), the court need not credit legal conclusions that are couched as factual allegations, *Iqbal*, 556 U.S. at 678-79.

When a court dismisses a complaint under FRCP 12(b)(6), it must then decide whether to grant leave to amend. FRCP 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725-26 (9th Cir. 2000). Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies of the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). In other words, if allowing a party to amend its pleading would be futile, district courts properly decline to grant leave to amend. *Thinket Ink Info. Res., Inc. v. Sun Microsys., Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

### III.    DISCUSSION

Plaintiff asserts two causes of action under the Rehab Act: failure to accommodate and retaliation. *See* 4AC ¶¶ 18-24. Defendant argues that Plaintiff "fails to plead the general elements of a failure to accommodate claim or retaliation claim, fails to allege factual allegations in support of such claims, and fails to connect factual allegations with the elements required to make such claims facially plausible." ECF No. 65 at 6.

The Court agrees. Plaintiff once again fails to allege exactly what disability she suffers from, whether Defendant knew of her disability, or any plausible allegations that she suffered discrimination because of her disability. Plaintiff, moreover, fails to allege exactly what kind of accommodation she requested. Instead, Plaintiff makes conclusory allegations that she "has a documented disability," that she submitted a "modest and reasonable" accommodation, and within thirty (30) minutes of submitting her request, she was terminated without explanation or engagement in the interactive process. 4AC ¶¶ 10-14. Such conclusory allegations are insufficient to state a plausible claim under the Rehab Act. *See Jones v. Del Toro*, No. 3:24-cv-00989-L-SBC, 2025 WL 509302, at * 2-3 (S. D.

Cal. Feb. 14, 2025) (dismissing Rehab Act claims where plaintiff alleges to be "a disabled veteran" and "is known to have anxiety symptoms"). Accordingly, the Court **DISMISSES** Plaintiff's claims brought under the Rehab Act.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss, ECF No. 65. In the Court's prior Order, it cautioned Plaintiff that failure to cure deficiencies present in her previous complaints would bar her opportunity for future leave to amend. *See* ECF No. 60 at 10-11. Because Plaintiff has failed to do so, and amendment would be futile, the Court **DISMISSES** Plaintiff's fourth amended complaint without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("A district court…may in its discretion deny leave to amend…due to repeated failure to cure deficiencies by amendments previously allowed.") (internal quotations and citations omitted). The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

Dated:  September 4, 2025

Honorable James E. Simmons Jr.
United States District Judge